**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

RONNIE L. FAMOUS,

    Plaintiff,

    v.                                                 Case No. 07-C-847

WILLIAM POLLARD, MICHAEL BAENEN,
OFFICER HARTSTERN, JANE DOES, JOHN DOES,
TOM DOE, DAN DOE, MIKE DOE, GARY DOE,
KIRK DOE, BILL DOE, DOE STEVENS, and CYGAN,

    Defendants.

---

# ORDER

---

    The plaintiff, who is proceeding *pro se*, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On November 26, 2007, the plaintiff filed an amended complaint (complaint). This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

    Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time

the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $5.44.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff in this case is incarcerated at Green Bay Correctional Institution (GBCI). The defendants are: Michael Baenan, Deputy Warden at GBCI; Officer Hartstern, John Does, Jane Does, Doe Stevens, and Doe Cygan, all correctional officers at GBCI; Tom Doe, John Doe, Dan Doe, Mike Doe, Gary Doe, Kirk Doe, and Bill Doe, who are chefs at GBCI; and William Pollard, Warden at GBCI.

- 3 -

Case 2:07-cv-00847-CNC   Filed 01/11/08   Page 3 of 14   Document 24

The complaint starts off with the following "Preliminary Statement":

> This is a civil rights action filed by Ronnie Famous, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging harassment, unreasonable searches, fourth amendment claim, cruel and unusual punishment, deliberate indifference, failure to act and first amendment retaliation claim. The plaintiff also alleges the torts harassment and negligence.

(Complaint at 1-2).

The plaintiff alleges that defendants Hartstern, John Does, and Jane Does served him unsanitary or contaminated food in violation of the Eighth Amendment. (Complaint ¶¶ 10-13, 16-17, 90). The plaintiff also alleges that, while he was in the dining hall, defendants John Does or Jane Does put a harmful substance in his toothpaste and other canteen items, or failed to intervene to prevent this tampering, in violation of the Eighth Amendment. (Complaint ¶¶ 19, 26-31, 91). The plaintiff further alleges that defendants Stevens and Cygan failed to act to prevent the above-described tampering, in violation of the Eighth Amendment. (Complaint ¶¶ 22-25, 92). The plaintiff also alleges that defendant Steven refused to give him a sanitary tube of toothpaste after his toothpaste was tampered with, which caused the plaintiff "to go without brushing his teeth for many days until he could get a new tube of toothpaste", in violation of the Eighth Amendment. (Complaint ¶¶ 48-52, 93).

In addition, the plaintiff asserts that defendant Tom Doe served him eggs with a hard foreign object in it that broke his tooth, causing him pain and loss of a tooth, in violation of the Eighth Amendment. (Complaint ¶¶ 35-36, 94). The plaintiff also

contends that defendant John Doe served him chicken with a hard foreign object in it that chipped three of his teeth, in violation of the Eighth Amendment. (Complaint ¶¶ 37-38, 95). The plaintiff further alleges that defendants John Doe, Dan Doe, Gary Doe, Kirk Doe, and Bill Doe served him unsanitary or contaminated meals in violation of the Eighth Amendment. (Complaint ¶¶ 39, 96).

The plaintiff maintains that defendants John Does constantly and unreasonably searched him for no reason, in violation of the Fourth Amendment and that their constant searching of him constitutes the state tort of harassment. (Complaint at ¶¶ 54-59. 60-61, 97-98). The plaintiff also alleges that defendant Pollard's policy regarding unreasonable constant searches unrelated to a legitimate security need violates the Fourth Amendment and constitutes harassment. (Complaint ¶¶ 54-61, 100).

The plaintiff also alleges that defendant Baenen rejected his inmate complaint without any investigation and that such rejection was an Eighth Amendment violation. (Complaint ¶¶ 74, 76, 99). He contends that defendant Pollard's failure to provide reasonable safety and protection for him from these assaults through the use of his food, toothpaste, and canteen items violates the Eighth Amendment. (Complaint ¶¶ 10-47, 70-88, 101). The plaintiff further alleges that defendant Pollard's failure to act on or investigate his complaints and order a stop to the tampering of his food, toothpaste, and canteen items constitutes deliberate indifference as well as contributing to and proximately causing the above-described Eighth Amendment violations. (Complaint ¶¶ 10-47, 70-88, 102). The plaintiff also

- 5 -

Case 2:07-cv-00847-CNC   Filed 01/11/08   Page 5 of 14   Document 24

states that defendant Pollard's failure to act on or investigate his complaints constitutes the state tort of negligence. (Complaint ¶ 103).

The plaintiff claims that the serving of unsanitary food, unreasonable searches, and tampering were done in retaliation for the plaintiff engaging in protected conduct. The plaintiff "believes he is being retaliated against for prior grievances filed and his future law suits he has to file for denial of medical treatment." (Complaint ¶ 62). The plaintiff states that on May 11, 2007, he filed an offender complaint regarding unsanitary meals he had been receiving from defendant Hartstern. After filing the offender complaint, the plaintiff's toothpaste was tampered with a number of times and he received a number of unsanitary meals. The plaintiff alleges that the adverse action was motivated at least in part by his protected conduct. "The more plaintiff complains about these violations the more they keep happening." (Complaint ¶ 70).

The plaintiff seeks declaratory and injunctive relief. He also seeks compensatory and punitive damages.

The Eighth Amendment protects prisoners against cruel and unusual punishment during confinement. U.S. Const. amend. VIII. A prisoner challenging official conduct that is not part of the formal penalty for a crime must demonstrate: (1) a "sufficiently serious" deprivation; and (2) that officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Prison conditions do not rise to the level of cruel and unusual punishment unless the conditions produce "the deprivation of a single, identifiable human need such as

food, warmth, or exercise." *Id.* at 304. With regard to conditions of confinement, the Supreme Court has adopted the "deliberate indifference" standard to determine whether officials display the requisite culpable state of mind. *Id.* at 301-05. Under that standard, prison officials may be found liable for denying humane conditions of confinement only if they know that an inmate faces substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 838-42 (1994).

For an Eighth Amendment claim that a search was excessive, the plaintiff must show that the physical search of his person "in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. DeTella*, 319 F.3d 936, 929 (7th Cir. 2003); *Bruscino v. Carlson*, 854 F.2d 162, 166 (7th Cir. 1988) (applying Eighth Amendment standard for visual strip searches to physical searches). Such searches must be "maliciously motivated, unrelated to institutional security and hence totally without penological justification." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004) (internal quotations and citations omitted); *see Peckman v. Wis. Dep't of Corrs.*, 141 F.3d 694, 697 (7th Cir. 1998).

Prisoners have a Fourteenth Amendment due process right to adequate, effective, and meaningful access to the court to challenge violations of their constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). Prison officials cannot hinder prisoners from this access or retaliate against prisoners who attempt to exercise their constitutional rights. *Williams v. Lane*, 851 F.2d 867, 878 (7th Cir. 1988). Prison officials may not retaliate against an inmate for exercising his First

Amendment rights, even if their actions would otherwise be permissible. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). Retaliation against a prisoner for his use of the courts or of the administrative complaint system may give rise to a valid cause of action under § 1983. *See Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994).

The plaintiff also advances a negligence claim under Wisconsin state law. A plaintiff seeking to maintain a negligence action must prove four elements: "1) A duty of care on the part of the defendant; 2) a breach of that duty; 3) a causal connection between the conduct and the injury; and 4) an actual loss or damage as a result of the injury." *Jankee v. Clark County*, 235 Wis. 2d 700, 731, 612 N.W.2d 297 (2000) (quoting *Rockweit v. Senecal*, 197 Wis. 2d 409, 418, 541 N.W.2d 742 (1995)).

The court finds that the plaintiff has alleged sufficient facts to support a claim that his constitutional rights were violated. Specifically, the plaintiff may proceed on an Eighth Amendment claim that he was served unsanitary or contaminated meals against defendants Officer Hartstern, John Does, Jane Does, Tom Doe, John Doe, Dan Doe, Gary Doe, Kirk Doe, and Bill Doe. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (citations omitted). He may also proceed on an Eighth Amendment claim that harmful substances were placed in his personal effects against defendants John Does and Jane Does.

The plaintiff may also proceed on a retaliation claim against defendants Hartstern, John Does, Jane Does, Tom Doe, Dan Doe, Gary Doe, Kirk Doe, and Bill Doe. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). In addition, he may

proceed on a claim based on his allegations with regard to excessive searches against defendants John Does and Pollard. Furthermore, the plaintiff may proceed on his allegations concerning failure to investigate or stop unconstitutional actions against defendants Stevens, Cygan, Baenen, and Pollard. *See Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982) (It is well-established that "[a]n official satisfies that personal responsibility requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights")).

Finally, since the plaintiff's state law negligence claim is substantially related to his constitutional claim, the court will exercise supplemental jurisdiction over the state law negligence claim. *See* 28 U.S.C. § 1367(a). He may proceed on that claim against defendant Pollard. The plaintiff will need to use discovery to identify the John Doe and Jane Doe defendants.

However, the plaintiff may not proceed on an Eighth Amendment claim based on allegations that he was denied toothpaste. *See Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) (24-hour delay to basic hygiene items "hardly violates common notions of decency"); *see also Harris v. Fleming*, 839 F.2d 1232, 1234 (7th Cir. 1988) (no Eighth Amendment violation where prison officials failed to provided inmate with soap, toothbrush, or toothpaste for ten days). In addition, the plaintiff may not proceed on a state law claim that the defendants' actions constituted harassment in violation of Wis. Stat. § 947.013. That statute is under Wisconsin's criminal code and the plaintiff may not advance such a claim in this action.

**Motion for Preliminary Injunction**

On December 18, 2007, the plaintiff filed a motion for preliminary injunction. He seeks a court order to ensure that his complaints are investigated, that his canteen, food, and toothpaste are no longer tampered with, and that he is no longer harassed at GBCI. (Plaintiff's September 29, 2007, Memorandum of Law in Support of Motion for Preliminary Injunction at 1).

To prevail on a motion for a preliminary injunction, the plaintiff shoulders the burden of establishing: 1) a reasonable likelihood of success on the merits; 2) there is no adequate remedy at law; 3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and 4) the public interest will not be harmed by the injunction. *See Goodman v. Ill. Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005); *see also Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002) and *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). The balancing for this test involves a sliding scale analysis: the greater the plaintiff's chances of success on the merits, the less strong a showing the plaintiff must make that the balance of harm is in his favor. *Storck v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994).

In this case, the complaint allegations are serious. However, at this stage of the proceedings, they are just that, allegations. The plaintiff has not made that requisite showing that he is reasonably likely to succeed on the merits on this case. He has not presented any argument or evidence to show that he lacks an adequate

remedy at law. Moreover, there is no indication that he will suffer irreparable harm if injunctive relief is not granted. Therefore, at this juncture, the plaintiff's motion for a preliminary injunction will be denied without prejudice.

## **Motion for Appointment of Counsel**

On December 28, 2007, the plaintiff filed a motion to appoint counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.* Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the

following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims as well as several other filings, including two motions. Therefore, at this stage, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself. Accordingly, the plaintiff's motion for appointment of counsel will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #16) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's claim that he was denied toothpaste in violation of the Eighth Amendment and his claim that the defendants harassed him in violation of Wis. Stat. § 947.013 be and the same are hereby **DISMISSED**.

**IT IS ALSO ORDERED** that the plaintiff's motion for preliminary injunction (Docket #21) be and the same is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #22) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $344.56 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant

- 13 -
Case 2:07-cv-00847-CNC   Filed 01/11/08   Page 13 of 14   Document 24

Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge