RONNIE L. FAMOUS,

      Plaintiff,

      v.                                               Case No. 07-C-847

WILLIAM POLLARD, MICHAEL BAENEN,
HARTSTERN, JANE DOES, JOHN DOES,
TOM DOE, DAN DOE, MIKE DOE,
GARY DOE, KIRK DOE, BILL DOE,
DOE STEVENS, CYGAN, and JOHN DOE,

      Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER FOR FILING FEES TO BE PAID FROM RELEASE ACCOUNT (DOC. #25), GRANTING PLAINTIFF'S MOTION SEEKING A COPY OF HIS AMENDED COMPLAINT WITHOUT CHARGE (DOC. #26), DENYING PLAINTIFF'S MOTION FOR AN ORDER PERMITTING HIM TO MEET WITH WITNESSES IN THE LAW LIBRARY (DOC. #28), AND DENYING PLAINTIFF'S MOTION FOR DISCOVERY (DOC. #29)

      Plaintiff, Ronnie Famous, who is incarcerated at the Green Bay Correctional Institution (GBCI), filed this pro se civil rights action under 42 U.S.C. § 1983. On January 11, 2008, upon consideration of the December 10, 2007 amended complaint (complaint), the court granted the plaintiff's motion for leave to proceed in forma pauperis on claims that the defendants violated his rights under the United States Constitution and Wisconsin state law.[1] The plaintiff has filed several motions which will be addressed herein.

---

[1] Specifically, the plaintiff is proceeding on the following claims: 1) an Eighth Amendment claim based on service of unsanitary or contaminated meals against defendants Officer Hartstern, John Does, Jane Does, Tom Doe, John Doe, Dan Doe, Gary Doe, Kirk Doe, and Bill Doe; 2) an Eighth Amendment claim that harmful substances were placed in his personal effects against defendants John Does and Jane Does; 3) a retaliation claim against defendants Hartstern, John Does, Jane Does, Tom Doe, Dan Doe, Gary Doe, Kirk Doe, and Bill Doe; 4) an Eighth Amendment excessive search claim against defendants John Does and Pollard; 5) an Eighth Amendment failure to investigate or stop unconstitutional actions against defendants Stevens, Cygan, Baenen, and Pollard; and 5) a Wisconsin state law negligence claim against defendants Pollard. (Court's Order of January 11, 2008, at 8-9.)

On January 17, 2008, the plaintiff filed a motion asking that his filing fee be paid from his release account. He requests that the court order the Wisconsin Department of Corrections (DOC) to take the remainder of the filing fee out of his release account. The purpose of the release account is to provide funds to the prisoner upon his or her release from incarceration. In light of the plaintiff's request that prison officials take the remainder of the filing fee ($344.56) from his release account, the warden at GBCI will be directed to submit to the Clerk of Court within 21 days of the date of this order the $344.56 balance of the filing fee. *See Doty v. Doyle*, 182 F. Supp. 2d 750, 751-52 (E.D. Wis. 2002).

On January 17, 2008, the plaintiff filed a motion requesting that the court to send him of copy of his amended complaint at no charge. The plaintiff asserts that he has no money or job and that he cannot pay for a copy of the document. The plaintiff is advised that copies of documents may be obtained for a fee of fifty cents per page from the Office of the Clerk of Court. However, this one time, the court will send the plaintiff a copy of his amended complaint at no charge. The plaintiff is reminded that he must retain a personal copy of every document he files with the court.

On January 28, 2008, the plaintiff filed a motion for an order permitting him to meet with witnesses in the law library. He wants to interview witness Winston Eison, #110505, and other potential witnesses in the prison law library. The plaintiff asserts that in his experience the DOC does not allow prisoners to meet in the law library to help each other with legal work. Therefore, he requests an order authorizing him to conduct these interviews.

Prison administrators are responsible for the operation of prisons. And, courts owe substantial deference to the professional judgment of prison

administrators. *See Overton v. Bazzetta*, 539 U.S. 126-32 (2003); *Beard v. Banks*, 126 S.Ct. 2572, 2578 (2006); *Koutnik v. Brown*, 456 F.3d 777, 785 (7th Cir. 2006). It is not the court's place to order GBCI to allow the plaintiff to meet with other prisoners in its law library, even if they are witnesses in this case.

On January 28, 2008, the plaintiff filed a "motion for discovery" requesting "a discovery order to find out the names and locations of defendants and witnesses, as well as documents and reports etc." (Plaintiff's Motion for Discovery at 1). This discovery request should be directed to counsel for the defendants. If the plaintiff encounters a problem obtaining relevant discovery, he should first attempt to resolve the discovery issue with counsel for the defendants without court action, then file a motion to compel discovery with the court. See Fed. R. Civ. P. 37(a); Civil L.R. 37.1 (E.D. Wis.). In any event, this case has not entered the discovery phase thereby making the plaintiff's motion premature. Once the defendants have filed an answer, the court will enter a scheduling order setting deadlines for the completion of discovery as well as the filing of dispositive motions.

Now, therefore,

**IT IS ORDERED** that the's plaintiff's motion for order that his filing fee be paid from his release account (Doc. #25) is granted.

**IT IS FURTHER ORDERED** that the Warden of Green Bay Correctional Institution or his designee shall submit to the Clerk of Court within 21 days of the date of this order the $344.56 balance of the filing fee from the plaintiff's release account.

**IT IS FURTHER ORDERED** that the plaintiff's motion seeking a copy of his amended complaint without charge (Doc. #26) is granted.

3

**IT IS FURTHER ORDERED** that a copy of the amended complaint (Doc. #20) be mailed to the plaintiff at no charge.

**IT IS FURTHER ORDERED** that the plaintiff's motion for an order permitting him to meet with witnesses in the law library (Doc. #28) be and hereby is denied.

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Doc. #29) is denied.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of Green Bay Correctional Institution and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U.S. District Judge