# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONNIE L. FAMOUS,

    Plaintiff,

    v.                                  Case No. 07-C-847

WILLIAM POLLARD, MICHAEL BAENEN,
HARTSTERN, JANE DOES, JOHN DOES,
TOM DOE, DAN DOE, MIKE DOE, GARY DOE,
KIRK DOE, BILL DOE, DOE STEVENS, and SGT. CYGAN,

    Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW MOTION FOR SUMMARY JUDGMENT (DOC. #146), TERMINATING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. #119), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOC. #133), DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOC. #129), DENYING AS MOOT PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY (DOC. #143) AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. #153)

        This matter is now before the court on a number of motions filed by the parties. On November 2, 2009, the defendants filed a motion for summary judgment arguing that the plaintiff failed to exhaust his administrative remedies before filing this lawsuit. The plaintiff then filed a motion to compel discovery, seeking three copies of an internal movement inquiry sheet containing all the dates that the plaintiff was housed in cell E-40 of the South Cell Hall at Green Bay Correctional Institution. The plaintiff states that he needs the information as evidence regarding the exhaustion of his administrative remedies. Additionally, the plaintiff is requesting an extension of time to file a response to the defendants' motion for summary judgment. Next, the plaintiff filed a motion, pursuant

to Rule 56(f), seeking at least thirty days to complete additional discovery before filing his response to the defendants' motion.[1]

Subsequently, the defendants filed a motion to withdraw their motion for summary judgment, conceding that disputed issues of material fact likely preclude summary judgment on exhaustion grounds. Regardless, the defendants wish to proceed on a motion for summary judgment or have this case set for trial.

The court notes that the plaintiff has filed a motion for preliminary injunction. He submits that he is being denied access to the courts and argues that the Wisconsin Resource Center does not have an adequate law library because it does not have Lexis Nexis. He contends that the inadequacy of the law library renders him unable to receive any federal case law, thereby impacting his ability to conduct research respecting this case, a petition for a writ of habeas corpus and an appeal of another case. Consequently, the plaintiff asks this court to order the warden of the Wisconsin Resource Center: (1) to supply him with adequate legal material that would allow him to research the federal case law that he needs to litigate this case; and (2) to transfer him to any prison that has an adequate law library, except Green Bay Correctional Institution.

In response, the defendants argue that: (1) the access to the courts claim in the plaintiff's complaint does not state a basis for injunctive relief; (2) the claim is moot; and (3) that settlement discussions with defense counsel may not be considered in determining whether the plaintiff is entitled to injunctive relief.

---

[1] In their response to the plaintiff's discovery motion, the defendants suggest that the plaintiff's request for additional discovery indicates that he wishes to amend his complaint again; they argue that an amendment should not be allowed. Indeed, in his reply brief regarding this motion, the plaintiff asks the court to allow the plaintiff to amend his complaint. This is not a proper motion under Federal Rule of Civil Procedure 15 and Civil Local Rule 15 (E.D. Wis.).

> A party seeking a preliminary injunction must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied. *Id.*; *see Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004).

*Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791 (7th Cir. 2008). He has not met his threshold burden. He does not address his likelihood of success on the merits of his claim. Nor has he shown irreparable harm, especially in light of the defendants' evidence that the law library at the Wisconsin Resource Center has ample resources, including access to cases via Westlaw online, the Federal Reporter and Federal Supplement advance sheets. Moreover, the relief the plaintiff requests is not related to his claim in this case and he does not seek injunctive relief that the defendants to this action, employees at Green Bay Correctional Institution, have the power to grant. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Therefore,

IT IS ORDERED that the defendants' motion to withdraw motion for summary judgment (Docket #146) is GRANTED.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment (Docket #119) is TERMINATED.

IT IS FURTHER ORDERED that the parties may file motions for summary judgment regarding the merits of the plaintiff's claims on or before **Friday, June 11, 2010**.

IT IS FURTHER ORDERED that the plaintiff's motion for extension of time to file response to summary judgment motion (Docket #133) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the plaintiff's motion to compel discovery (Docket #129) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the plaintiff's motion for additional discovery (Docket #143) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the plaintiff's motion for preliminary injunction (Docket #153) is DENIED.

Dated at Milwaukee, Wisconsin, this 11th day of May, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge